# United States District Court, Northern District of Illinois

(9)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 143 | **DATE** | 5/30/2000 |
| **CASE TITLE** | United States of America vs. Vincent M. Gramarossa | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves for reconsideration of this court's order denying him a new trial. That motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 3 1 2000 | 48 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA    )
                                 )
                                 )
       vs.                  )    No. 99 CR 143
                                 )
VINCENT M. GRAMAROSSA,    )
                                 )
        Defendant.     )

DOCKETED
MAY 3 1 2000

## MEMORANDUM OPINION AND ORDER

Defendant moves for reconsideration of this court's order denying him a new trial. That motion is denied.

At the outset, we note that defendant was convicted of offenses other than money laundering. Thus, sentencing would proceed on Counts I and II regardless of any necessity of retrying the money laundering counts. *See* United States v. Stein, 37 F.3d 1407 (9th Cir. 1994), the case upon which defendant primarily relies in his motion.

In any event, we think the present case is quite different from Stein and the other cases cited. The Seventh Circuit §1957 pattern instruction, which was given, plainly requires that the "defendant knew the transaction involved criminally derived property." The Seventh Circuit "knowingly" pattern instruction, also given, makes it clear that it is not enough that he acted through ignorance, mistake or accident. In Stein, by contrast, the jury was instructed in such a manner that, had it been a §1957 offense rather than §1956, it would have been told that the government did not have to prove that defendant knew that the transaction involved criminally-derived property, only that it was criminally derived. Finally, if the defendant knew that the transaction involved criminally-derived property, the jury need not find that he

also knew the value exceeded $10,000 and is derived from a specified unlawful activity (here

bankruptcy fraud), so long as the government proves that the value exceeds $10,000 and is

derived from a specified unlawful activity.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 30 , 2000.